UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE WANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15 CV 895 CDP |
| | ) |
| ST. FRANCOIS COUNTY, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**IT IS HEREBY ORDERED** that, for the following reasons, plaintiff Richard Lee Wann's Motion to Correct Clerical Error as to Counts 3-6 in the September 19, 2016, Judgment to Conform to the Memorandum and Order Entered March 7, 2016 [147] is **DENIED**.

Wann first challenges that portion of the September 19 Judgment (ECF #141) that dismissed "with prejudice" Counts 3 through 6 of his complaint against defendants St. Francois County, V. Kenneth Rohrer, Honorable Shawn Ragan McCarver, Edward Pultz, and Brice Sechrest for failure to state a claim. Contrary to Wann's assertion, this dismissal with prejudice is consistent with my March 7 Memorandum and Order (ECF #83) wherein I addressed the substantive merits of these claims, found them not to state a claim under Fed. R. Civ. P. 12(b)(6), and entered my ruling dismissing them. A dismissal under Rule 12(b)(6) is presumed to

be a judgment on the merits made with prejudice unless the Court specifically states otherwise. Fed. R. Civ. P. 41(b); *Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012). *See also Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983) ("while not explicitly dismissed with prejudice, [the case] was dismissed for failure to state a claim on which relief may be granted, which is a dismissal on the merits."). Because I did not specifically state otherwise, the dismissal of these claims against these defendants in the March 7 Memorandum and Order was with prejudice.[1]

To the extent Wann challenges that portion of the September 19 Judgment dismissing "without prejudice" Counts 3 through 6 of his complaint against defendants Farmington Missouri Hospital Company, Dr. Ahmed Ardekani, Nicole (Nikki) Rotter MSW, and Americare at Maplebrook Assisted Living, he argues that the March 7 Memorandum and Order instructed that these counts of the complaint were to proceed against these defendants. If one were to look at the status of the case *as it existed on March 7*, Wann's statement is true. But on June 16, 2016, I entered another Memorandum and Order (ECF #130) dismissing these claims against Farmington, Ardekani, and Americare because Wann failed to file a healthcare affidavit as required under Missouri law. I explicitly stated in that Order

---

[1] This reasoning applies as well to my determination in that Order that Wann did not overcome the various immunity defenses raised in the Rule 12(b)(6) motions to dismiss. *See, e.g., AGI-Bluff Manor, Inc. v. Reagen*, 713 F. Supp. 1535 (W.D. Mo. 1989). *See also Leeuwen v. United States*, 868 F.2d 300 (8th Cir. 1989); *Richardson v. City of St. Louis*, 293 S.W.3d 133 (Mo. Ct. App. 2009) (dismissal with prejudice affirmed where plaintiff failed to plead exception to sovereign immunity).

that the dismissal was "without prejudice."  Three months later, Wann himself dismissed his claims against the only remaining defendant, Nicole (Nikki) Rotter, "without prejudice" (ECF #137), which I approved given Rotter's consent to this disposition (ECF #139, #140).  There is no clerical error in the Judgment entered September 19, 2016.

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2016.